# U.S. District Court
# Western District of Missouri (Kansas City)
# CIVIL DOCKET FOR CASE #: 4:23−cv−00493−DGK
*Internal Use Only*

Auto−Owners Insurance Company v. The Halo Foundation: Helping Art Liberate Orphans
Assigned to: District Judge Greg Kays
Demand: $75,000
Cause: 28:2201 Constitutionality of State Statute(s)

Date Filed: 07/18/2023
Date Terminated: 01/21/2025
Jury Demand: None
Nature of Suit: 110 Insurance
Jurisdiction: Diversity

**Plaintiff**

**Auto−Owners Insurance Company**     represented by     **Russell F. Watters**
Watters Wolf Bub & Hansmann LLC
600 Kellwood Parkway
Suite 120
St Louis, MO 63017
636−798−0571
Fax: 636−798−0693
Email: rwatters@wwbhlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Christine Lesicko**
Watters Wolf Bub & Hansmann LLC
600 Kellwood Pkwy
Ste 201
St Louis, MO 63017
636−798−0610
Email: clesicko@wwbhlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Joseph Paul Krispin**
Watters Wolf Bub & Hansmann LLC
600 Kellwood Parkway
Suite 120
Saint Louis, MO 63017
636−798−0587
Fax: 636−798−0693
Email: jkrispin@wwbhlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

V.

**Defendant**

| | | |
|---|---|---|
| **The Halo Foundation: Helping Art Liberate Orphans** | represented by | **Daryl J. Douglas**<br>Wagstaff & Cartmell<br>4740 Grand Avenue<br>Suite 300<br>Kansas City, MO 64112<br>816–701–1100<br>Fax: 816–531–2372<br>Email: ddouglas@wcllp.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active*<br><br>**Lucy Rose Malone**<br>Wagstaff & Cartmell<br>4740 Grand Avenue<br>Suite 300<br>Kansas City, MO 64112<br>816–701–1130<br>Email: ldavis@wcllp.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active*<br><br>**Tyler Hudson**<br>Wagstaff & Cartmell<br>4740 Grand Avenue<br>Suite 300<br>Kansas City, MO 64112<br>(816) 701–1177<br>Fax: (816) 531–2372<br>Email: thudson@wcllp.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active* |

**Miscellaneous**

| | | |
|---|---|---|
| **Paradise Productions KC, LLC** | represented by | **Richard F. Lombardo**<br>Shaffer Lombardo Shurin<br>2001 Wyandotte Street<br>Kansas City, MO 64108<br>(816)931–0500<br>Fax: (816) 931–5775<br>Email: rlombardo@sls–law.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active* |

**Counter Claimant**

| | | |
|---|---|---|
| **The Halo Foundation: Helping Art Liberate Orphans** | represented by | **Daryl J. Douglas**<br>(See above for address)<br>*LEAD ATTORNEY* |

*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Lucy Rose Malone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Tyler Hudson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Counter Defendant**

**Auto−Owners Insurance Company** represented by **Russell F. Watters**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Christine Lesicko**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Joseph Paul Krispin**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Counter Claimant**

**Auto−Owners Insurance Company** represented by **Russell F. Watters**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Christine Lesicko**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Joseph Paul Krispin**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Counter Defendant**

represented by

**The Halo Foundation: Helping Art Liberate Orphans**

**Daryl J. Douglas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Lucy Rose Malone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Tyler Hudson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 07/18/2023 | 1 | COMPLAINT against The Halo Foundation: Helping Art Liberate Orphans filed by Russell F. Watters on behalf of Auto−Owners Insurance Company. Filing fee $402, receipt number AMOWDC−8538219. Service due by 10/16/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit A−Policy, # 2 Exhibit B−Draft Petition, # 3 Exhibit C−Settlement Agreement, # 4 Civil Cover Sheet Civil Cover Sheet)(Watters, Russell) (Entered: 07/18/2023) |
| 07/18/2023 | 2 | **NOTICE OF INCLUSION FOR MEDIATION AND ASSESSMENT PROGRAM (MAP). REVIEW NOTICE AND MAP GENERAL ORDER CAREFULLY FOR DEADLINES AND REQUIREMENTS.** **Notice of MAP assignment to Program Director.** (Attachments: # 1 MAP General Order)(Woods, Gloria) (Entered: 07/18/2023) |
| 08/04/2023 | 3 | MOTION for extension of time to file answer filed by Tyler Hudson on behalf of The Halo Foundation: Helping Art Liberate Orphans. Suggestions in opposition/response due by 8/18/2023 unless otherwise directed by the court. (Attorney Tyler Hudson added to party The Halo Foundation: Helping Art Liberate Orphans(pty:dft))(Hudson, Tyler) (Entered: 08/04/2023) |
| 08/07/2023 | 4 | ORDER – GRANTING 3 defendant's unopposed Motion for Extension of Time to Answer. New Deadline: Answer due on or before **8/22/2023**. Signed on 8/7/23 by District Judge Howard F. Sachs. (Anderson, Christy) (Entered: 08/07/2023) |
| 08/08/2023 | 5 | RULE 16 NOTICE. Proposed scheduling order due by 9/22/2023. Signed on 8/8/23 by District Judge Howard F. Sachs. (Anderson, Christy) (Entered: 08/08/2023) |
| 08/22/2023 | 6 | ANSWER to 1 Complaint, on behalf of The Halo Foundation: Helping Art Liberate Orphans. (Attachments: # 1 Exhibit A)(Hudson, Tyler) (Entered: 08/22/2023) |
| 08/23/2023 | | NOTICE OF DOCKET MODIFICATION. A modification has been made to the |

| | | |
|---|---|---|
| | | document filed on 08/22/2023 as Document No. 6, Answer. The document has been deleted as the incorrect/incomplete event was used when filing the document. Counsel will refile the document using the correct event. This is a text entry only – no document is attached. Due to a filing error, counsel is required to refile their document, which was originally filed by the deadline of 08/22/2023. (Woods, Gloria) (Entered: 08/23/2023) |
| 08/23/2023 | 7 | ANSWER to 1 Complaint, , COUNTERCLAIM against Auto−Owners Insurance Company on behalf of The Halo Foundation: Helping Art Liberate Orphans. (Attachments: # 1 Exhibit A)(Hudson, Tyler) (Entered: 08/23/2023) |
| 09/12/2023 | 8 | *Counterclaim Defendant's* ANSWER to Counterclaim , COUNTERCLAIM against The Halo Foundation: Helping Art Liberate Orphans on behalf of Auto−Owners Insurance Company.(Watters, Russell) (Entered: 09/12/2023) |
| 09/22/2023 | 9 | Joint PROPOSED SCHEDULING ORDER by Auto−Owners Insurance Company. (Watters, Russell) (Entered: 09/22/2023) |
| 10/04/2023 | 10 | ORDER OF RECUSAL. The Clerk of Court is directed to randomly reassign this matter for all further proceedings. Signed on 10/4/23 by District Judge Howard F. Sachs. (Anderson, Christy) (Entered: 10/04/2023) |
| 10/04/2023 | 11 | ORDER TRANSFERRING/REASSIGNING CASE. Case reassigned to District Judge Greg Kays for all further proceedings. District Judge Howard F. Sachs no longer assigned to case. **Please note the new case number is 23−00493−CV−W−DGK.** This is a TEXT ONLY ENTRY. No document is attached. (Matthes Mitra, Renea) (Entered: 10/04/2023) |
| 10/18/2023 | 12 | ORDER. This case was previously assigned to Judge Sachs, and so the parties filed their joint proposed scheduling order pursuant to Judge Sachs procedural rules. However, the case was subsequently reassigned to this Court. Pursuant to this Courts preferred scheduling order, the parties are missing key dates and information, such as whether the parties are requesting a bench or jury trial, and the proposed dates of such trial and pretrial conference. As such, the parties shall inform the Court whether they are requesting a bench or jury trial and propose dates for a pretrial conference and trial on or before October 27, 2023. If the parties so wish, they may resubmit a new proposed scheduling order in its entirely pursuant to the proposed scheduling order on this Courts website. Signed on October 18, 2023, by District Judge Greg Kays. This is a TEXT ONLY ENTRY. No document is attached. (Law Clerk). (Entered: 10/18/2023) |
| 10/25/2023 | 13 | Amended PROPOSED SCHEDULING ORDER by Auto−Owners Insurance Company. (Watters, Russell) (Entered: 10/25/2023) |
| 10/27/2023 | 14 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Russell F. Watters on behalf of Plaintiff Auto−Owners Insurance Company.(Watters, Russell) (Entered: 10/27/2023) |
| 10/27/2023 | 15 | DISCLOSURE OF CORPORATE INTERESTS filed by Russell F. Watters on behalf of Plaintiff Auto−Owners Insurance Company.(Watters, Russell) (Entered: 10/27/2023) |
| 11/10/2023 | 16 | SCHEDULING ORDER: Discovery due by 4/19/2024. Dispositive Motions due by 5/17/2024. Pretrial Conference set for 12/16/2024 at 11:00 AM via telephone conference before District Judge Greg Kays. Bench Trial set for 1/14/2025 at 08:00 |

| | | |
|---|---|---|
| | | AM in Courtroom 8D, Kansas City (DGK) before District Judge Greg Kays. Signed on November 11, 2023, by District Judge Greg Kays. (Law Clerk). (Entered: 11/10/2023) |
| 02/02/2024 | 17 | **AMENDED NOTICE OF INCLUSION FOR MEDIATION AND ASSESSMENT PROGRAM (MAP). REVIEW NOTICE AND MAP GENERAL ORDER CAREFULLY FOR IMPORTANT CHANGES, DEADLINES AND REQUIREMENTS.**<br><br>**Notice of MAP reassignment to outside neutral category I.** (Attachments: # 1 MAP General Order) (Woods, Gloria) (Entered: 02/02/2024) |
| 02/21/2024 | 18 | CERTIFICATE OF SERVICE by Paradise Productions KC, LLC filed by Richard F. Lombardo on behalf of Miscellaneous Paradise Productions KC, LLC.(Attorney Richard F. Lombardo added to party Paradise Productions KC, LLC(pty:misc))(Lombardo, Richard) (Entered: 02/21/2024) |
| 02/28/2024 | 19 | DESIGNATION OF NEUTRAL naming Charles Atwell(Watters, Russell) (Entered: 02/28/2024) |
| 04/08/2024 | 20 | STIPULATION by Auto−Owners Insurance Company. (Watters, Russell) (Entered: 04/08/2024) |
| 05/17/2024 | 21 | MOTION for summary judgment filed by Russell F. Watters on behalf of Auto−Owners Insurance Company. Suggestions in opposition/response due by 6/7/2024 unless otherwise directed by the court. (Watters, Russell) (Entered: 05/17/2024) |
| 05/17/2024 | 22 | SUGGESTIONS in support re 21 MOTION for summary judgment filed by Russell F. Watters on behalf of Plaintiff Auto−Owners Insurance Company, Counter Defendant Auto−Owners Insurance Company. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Related document(s) 21 ) (Watters, Russell) (Entered: 05/17/2024) |
| 05/17/2024 | 23 | MOTION for summary judgment filed by Tyler Hudson on behalf of The Halo Foundation: Helping Art Liberate Orphans. Suggestions in opposition/response due by 6/7/2024 unless otherwise directed by the court. (Hudson, Tyler) (Entered: 05/17/2024) |
| 05/17/2024 | 24 | SUGGESTIONS in support re 23 MOTION for summary judgment filed by Tyler Hudson on behalf of Counter Claimant The Halo Foundation: Helping Art Liberate Orphans, Defendant The Halo Foundation: Helping Art Liberate Orphans. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Related document(s) 23 ) (Hudson, Tyler) (Entered: 05/17/2024) |
| 06/07/2024 | 25 | SUGGESTIONS in opposition to motion for summary judgment re 23 MOTION for summary judgment filed by Russell F. Watters on behalf of Plaintiff Auto−Owners Insurance Company. Reply suggestions due by 6/21/2024 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Related document(s) 23 ) (Watters, Russell) (Entered: 06/07/2024) |
| 06/07/2024 | 26 | SUGGESTIONS in opposition to motion for summary judgment re 21 MOTION for summary judgment *HALO'S OPPOSITION TO AUTO−OWNERS' MOTION FOR SUMMARY JUDGMENT* filed by Tyler Hudson on behalf of Defendant The Halo Foundation: Helping Art Liberate Orphans. Reply suggestions due by 6/21/2024 |

| | | |
|---|---|---|
| | | unless otherwise directed by the court. (Related document(s) 21 ) (Hudson, Tyler) (Entered: 06/07/2024) |
| 06/21/2024 | 27 | REPLY SUGGESTIONS to motion re 21 MOTION for summary judgment filed by Russell F. Watters on behalf of Counter Defendant Auto−Owners Insurance Company. (Related document(s) 21 ) (Watters, Russell) (Entered: 06/21/2024) |
| 06/21/2024 | 28 | REPLY SUGGESTIONS to motion re 23 MOTION for summary judgment filed by Tyler Hudson on behalf of Counter Claimant The Halo Foundation: Helping Art Liberate Orphans, Defendant The Halo Foundation: Helping Art Liberate Orphans. (Related document(s) 23 ) (Hudson, Tyler) (Entered: 06/21/2024) |
| 11/18/2024 | 29 | MOTION in limine filed by Russell F. Watters on behalf of Auto−Owners Insurance Company. Suggestions in opposition/response due by 12/2/2024 unless otherwise directed by the court. (Watters, Russell) (Entered: 11/18/2024) |
| 11/22/2024 | 30 | SUGGESTIONS in opposition re 29 MOTION in limine filed by Tyler Hudson on behalf of Counter Claimant The Halo Foundation: Helping Art Liberate Orphans, Defendant The Halo Foundation: Helping Art Liberate Orphans, Counter Defendant The Halo Foundation: Helping Art Liberate Orphans. Reply suggestions due by 12/6/2024 unless otherwise directed by the court. (Related document(s) 29 ) (Hudson, Tyler) (Entered: 11/22/2024) |
| 11/27/2024 | 31 | Joint MOTION to amend/correct *the Scheduling and Trial Order* filed by Tyler Hudson on behalf of The Halo Foundation: Helping Art Liberate Orphans. Suggestions in opposition/response due by 12/11/2024 unless otherwise directed by the court. (Hudson, Tyler) (Entered: 11/27/2024) |
| 12/02/2024 | | ORDER granting 31 Joint Motion to Amend the Scheduling Order. The parties seek to postpone the pretrial conference and bench trial dates because they argue that the Court's ruling on the cross−motions for summary judgment will likely eliminate the need for a trial. For good cause shown, the motion is GRANTED. All deadlines and hearing dates are POSTPONED. The pretrial conference and bench trial dates will be reset, if necessary, after the Court rules on the motions for summary judgment. Signed on December 2, 2024, by District Judge Greg Kays. This is a TEXT ONLY ENTRY. No document is attached. (Law Clerk) (Entered: 12/02/2024) |
| 01/10/2025 | 32 | ORDER granting 21 motion for summary judgment and denying 23 motion for summary judgment. Signed on January 10, 2025, by District Judge Greg Kays. (Law Clerk) (Entered: 01/10/2025) |
| 01/10/2025 | 33 | ORDER denying as moot 29 motion in limine. Signed on January 10, 2025, by District Judge Greg Kays. This is a TEXT ONLY ENTRY. No document is attached. (Law Clerk) (Entered: 01/10/2025) |
| 01/21/2025 | 34 | CLERK'S JUDGMENT. (Strodtman, Tracy) (Entered: 01/21/2025) |
| 02/10/2025 | 35 | NOTICE OF APPEAL by The Halo Foundation: Helping Art Liberate Orphans. Filing fee $ 605, receipt number AMOWDC−9431800. (Hudson, Tyler) (Entered: 02/10/2025) |
| 02/10/2025 | 36 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 35 Notice of Appeal. (Terry, Jason) (Entered: 02/10/2025) |

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 4:23-cv-00493-DGK<br>) |
| THE HALO FOUNDATION: HELPING ART LIBERATE ORPHANS, | )<br>)<br>) |
| Defendant. | )<br>) |

## ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This case involves a charity auction that went awry. Defendant and Counterclaim Plaintiff The Halo Foundation: Helping Art Liberate Orphans ("Halo") held a remote charity auction during the COVID-19 pandemic to help fund its organization. Halo contracted with Paradise Productions KC, LLC ("Paradise") to assist with livestreaming the auction. But on the day of the auction, a temporary internet outage at Paradise's production studio caused a problem with the auction livestream. This issue hindered the bidding process, leading Halo to raise less money than they expected.

Halo now seeks to recover its losses from Paradise's insurer, Plaintiff and Counterclaim Defendant Auto-Owners Insurance Company ("Auto-Owners"). Auto-Owners filed this declaratory judgment action to determine whether the policy it issued to Paradise covers Halo's losses. Halo then countersued here, seeking a declaration that coverage exists.

Now before the Court are: (1) Auto-Owners' Motion for Summary Judgment, ECF No. 21; and (2) Halo's Cross-Motion for Summary Judgment, ECF No. 23. The parties have already stipulated to the damages amount if coverage exists, so the Court's decision on these cross-motions will end this litigation.

The Court holds that, even if the loss of use of property provision applied, the undisputed material facts demonstrate that the electronic data exclusion bars recovery. Since the policy does not cover losses under the undisputed facts, the Court finds that Auto-Owners is entitled to judgment as a matter of law. Accordingly, Auto-Owners' Motion for Summary Judgment (ECF No. 21) is GRANTED, and Halo's Motion for Summary Judgment (ECF No. 23) is DENIED.

## Standard

A movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court makes this determination by viewing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014). Here, that party is Halo. *See Crain v. Crain*, 72 F.4th 269, 279 (8th Cir. 2023).

"In reaching its decision, a court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Leonetti's Frozen Foods, Inc. v. Rew Mktg., Inc.*, 887 F.3d 438, 442 (8th Cir. 2018). To survive summary judgment, the nonmoving party must substantiate its allegations with "sufficient probative evidence that would permit a finding in [its] favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotations and citations omitted).

## Undisputed Material Facts

To resolve the motion, the Court must first determine the material undisputed facts. The following facts are drawn heavily from the stipulated facts filed contemporaneously with the

2

Case 4:23-cv-00493-DGK    Document 32    Filed 01/10/25    Page 2 of 9
Appellate Case: 25-1275    Page: 9    Date Filed: 02/11/2025 Entry ID: 5484798

summary judgment briefing, ECF No. 20, and they are also supplemented by some undisputed facts from the summary judgment briefing. The Court has excluded legal conclusions, argument presented as fact, and proposed facts not properly supported by the record or admissible evidence. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a). Improperly controverted facts have also been excluded from the record. *See id*.

Halo is a non-profit organization that provides housing, healing, and education to homeless and at-risk children around the world. Halo relies on fundraising events to meet its capital budget and operating expenses. One such event is the annual Halo Art Auction ("Art Auction"). For the 2022 edition of the Art Auction, Halo opted to hold it remotely because of the ongoing COVID-19 pandemic. Halo tapped Paradise to assist in the production and livestreaming for the event.

The plan for the event was to send out a livestream of the entertainment and auction items, so the Art Auction Attendees ("Attendees") could view it while simultaneously bidding through fundraising software. Halo contracted with Qtego Fundraising Services ("Qtego") to provide the bidding software. Qtego's software allows bidders to watch the livestream of the production on the top half of the screen of the bidder's electronic device, while bidding on live auction items on the bottom half of the screen.

The livestream entertainment and auction items were provided through an electronic YouTube weblink. But to ensure that Qtego had sufficient time to sync its bidding software with the entertainment and auction items, Qtego required the link to be sent to Qtego at least twenty-four hours before the event. Three days before the Art Auction, Paradise sent the YouTube livestreaming link to Qtego. Starting that same day, the link was posted on websites and social media, and it was also emailed to celebrities, musical performers, the press, and the Attendees.

3

Case 4:23-cv-00493-DGK    Document 32    Filed 01/10/25    Page 3 of 9
Appellate Case: 25-1275   Page: 10   Date Filed: 02/11/2025 Entry ID: 5484798   February 10 2025 p10

On the day of the event, the Qtego software and livestream link were working successfully during a rehearsal a few hours before the starting time. Around five minutes before the event was to begin, Paradise was told that the livestream link could not be viewed by the Attendees. At this same time, Halo employees located at the Paradise production studio were unable to access the internet on their personal devices.

Paradise started troubleshooting. Paradise discovered that although the Qtego software was still running, the software had lost its handshake—i.e., digital connection—with the YouTube link because the link had gone down. Qtego required the handshake to facilitate the auction bidding with the YouTube livestream. After Paradise's information technology provider determined there were no hardware problems, Paradise tried to reestablish the handshake between the YouTube livestreaming link and the Qtego software. But it was unable to do so because the YouTube link was broken. And there was not sufficient time for Paradise to create a new YouTube link, send it to Qtego for the syncing process, and then send it out to the Attendees again.

Halo then tried to improvise. It used Facebook Live to livestream the event to any of the Attendees who happened to be on Facebook. The Attendees were still able to bid on silent auction items, even if they could not view the event through Facebook Live. But unlike the original plans, the Attendees could not use the Qtego software to watch the livestream while also bidding on the live auction items on the same screen. In the end, the amount of bidding and money raised was substantially lower than what Halo had expected.

A later investigation determined that the YouTube link had broken because the AT&T internet at Paradise's studio had momentarily gone out. The investigation also found that nothing tangible or physical in Paradise's studio became inoperable or unusable at any time.

4

Case 4:23-cv-00493-DGK   Document 32   Filed 01/10/25   Page 4 of 9
Appellate Case: 25-1275   Page: 11   Date Filed: 02/11/2025   Entry ID: 5484798 p11

It is undisputed that the issues with the livestreaming link did not cause the Attendee's physical devices to become inoperable or unusable. The only thing the devices could not do was view the auction on the specific YouTube livestream link that was synced with the Qtego software. The Attendees' devices—i.e., phones, computers, etc.—could still be used for other functions. The devices could not access the livestream as originally planned because it had gone down.

The parties also agree that the YouTube link, YouTube livestream, the Qtego software, and the handshake between YouTube and the Qtego software were all intangible electronic data. That electronic data is code or electronic information that is created, stored, or transmitted to or from computer software or applications. This data cannot be touched. Likewise, the prerecorded auction video files and other content that was broadcast to the Attendees on the night of the Art Auction were also intangible.

This lawsuit arises from a settlement between Halo, Paradise, and Auto-Owners regarding the Art Auction. The parties agreed to have Auto-Owners file this case to determine whether coverage existed under a commercial insurance policy issued by Auto-Owners to Paradise. If the Court finds coverage, Auto-Owners has agreed to pay Halo $425,000.

The at issue policy contains the following relevant provisions:

> **2. Exclusions**
> This insurance does not apply to:
>
> ....
>
> **p. Electronic Data**
>
> Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data. However, this exclusion does not apply to liability for damages because of "bodily injury". As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any

5

other media which are used with electronically controlled equipment." ECF No. 1-1 at 125, 128.

## Discussion

The cross-motions repeat the same arguments for why each party is entitled to summary judgment. Auto-Owners contends there is no coverage under the policy because Halo has only shown loss of use of intangible property, and even assuming there is coverage, several exclusions bar recovery here. Halo argues that there is coverage because they sustained damages from loss of use of tangible property—i.e., the Attendees were unable to use their electronic devices to bid— and Auto-Owners has not shown that any exclusion applies.

The parties agree that Missouri substantive law governs this dispute. In an insurance dispute, "the insured has the burden of proving coverage, and the insurer has the burden of proving that an exclusion applies." *Axis Surplus Ins. Co. v. TriStar Cos., LLC*, 94 F.4th 767, 769 (8th Cir. 2024) (internal quotation marks omitted). But where, as here, an exclusion applies, the Court can skip to that portion of the analysis. *See Brake Landscaping & Lawncare, Inc. v. Hawkeye-Sec. Ins. Co.*, 625 F.3d 1019, 1022 n.3 (8th Cir. 2010); *see also Lambi v. Am. Fam. Mut. Ins. Co.*, 498 F. App'x 655, 656 (8th Cir. 2013). Under Missouri law, the "general rules of contract interpretation govern the interpretation of insurance policies." *See Rossi v. Arch Ins. Co.*, 60 F.4th 1189, 1194 (8th Cir. 2023). "Missouri courts strictly construe exclusionary clauses against the insurer." *Elec. Power Sys. Int'l, Inc. v. Zurich Am. Ins. Co.*, 880 F.3d 1007, 1009 (8th Cir. 2018). But "[i]f the policy language is clear and unambiguous, it must be construed as written." *Axis Surplus Ins. Co.*, 94 F.4th at 769 (internal quotation marks omitted).

The relevant exclusion here concerns electronic data. That provision precludes coverage for "[d]amages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data." ECF No. 1-1 at 128. The policy further defines

6

"electronic data" as "information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment." *Id*.

The plain and unambiguous language of this exclusion bars coverage. Missouri law defines the terms "arising out of" as "a very broad, general and comprehensive phrase meaning originating from or having its origins in or growing out of or flowing from." *Capitol Indem. Corp. v. 1405 Assocs., Inc.*, 340 F.3d 547, 550 (8th Cir. 2003) (internal quotation marks omitted). Under this broad definition, there only needs to be a "minimal causal connection or incidental relationship." *Spirtas Co. v. Fed. Ins. Co.*, 521 F.3d 833, 836 (8th Cir. 2008) (internal quotation marks omitted).

There is a sufficient causal connection here the between "loss of use of," "inability to access," or "inability to manipulate electronic data" and the "damages" Halo allegedly sustained. It is undisputed that the YouTube link, YouTube livestream, Qtego software, and the handshake between YouTube and the Qtego bidding software were all intangible electronic data. It is further undisputed that this data was intended to be transmitted to or from computer software. And that when the intangible internet connection went out, Halo and the Attendees lost access to this electronic data on their phones or electronic devices. The lack of access to this data then resulted in Halo suffering the alleged damages of decreased bids and/or donations.

Halo resists this conclusion on factual and policy grounds. On the factual front, Halo argues the Attendees did not lose access to electronic data; rather, they lost use of their phones or other electronic devices when the internet went out at Paradise's facility. On the policy front, Halo contends that the point of a general commercial liability policy is meant to insure against unexpected events, and the purpose of the policy is thwarted by excluding coverage here.

7

Case 4:23-cv-00493-DGK    Document 32    Filed 01/10/25    Page 7 of 9
Appellate Case: 25-1275    Page: 14    Date Filed: 02/11/2025 Entry ID: 5484798 February 10 2025 p14

Halo's first argument employs creative framing but lacks factual support. It is undisputed that the Attendees' phones and devices never stopped functioning or became inoperable. Instead, the Attendees lost access to the YouTube livestream link and a portion of the Qtego bidding software that was supposed to work in conjunction with the livestream. And that lack of access to this electronic data on their phones or other devices is what led to Halo's damages.

Halo's policy argument also fails. To be sure, "Missouri courts have stated that the purpose of commercial general liability policies is to protect against the unpredictable and potentially unlimited liability that can result from accidentally causing injury to other persons or their property." *Secura Ins. v. Horizon Plumbing, Inc.*, 670 F.3d 857, 862 (8th Cir. 2012).[1] But the general purpose behind this type of insurance cannot be used to override the plain, unambiguous, and specific policy language excluding coverage. *See Axis Surplus Ins. Co.*, 94 F.4th at 769 ("policy must be enforced as written."). And while Halo understandably wishes there were coverage, the application of the exclusion here does not—as Halo and Paradise contend—make the policy completely worthless. There are many situations in which there could be coverage under the loss of use provision that is not precluded by the electronic data exclusion. For example, there could be an occurrence at Paradise's facility that prevents them or others on their property from accessing and using their undamaged audiovisual equipment altogether. *See, e.g., Lemko Corp. v. Fed. Ins. Co.*, 70 F. Supp. 3d 905, 915 (N.D. Ill. 2014) (listing similar examples). So this is not a situation where the Court's interpretation of the exclusion "could swallow up the inclusionary

---

[1] In arguing for coverage under the loss of use provision, Halo relies upon *Eyeblaster, Inc. v. Fed. Ins. Co.*, 613 F.3d 797 (8th Cir. 2010). But that case is distinguishable for several reasons. First, it involved a different standard of review because it was at the duty to defend stage where the complaint's allegations control and the duty arises "when *any part* of the claim against the insured is arguably within the scope of coverage afforded by the policy." *Id.* at 805 (concurring in judgment and noting that there was coverage under the Errors and Omissions policy, so the court did not need to address the other provisions); *see also Scaglione v. Acceptance Indem. Ins. Co.*, 75 F.4th 944, 950 (8th Cir. 2023) (noting the analytical differences between a duty to defend and other insurance coverage cases). Second, and more importantly, that case did not include any broad electronic data exclusion like there is here.

provisions of a policy," *United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, 751 F.3d 880, 885 (8th Cir. 2014), or where the interpretation renders a provision meaningless, *Mt. Hawley Ins. Co. v. City of Richmond Heights, Mo.*, 92 F.4th 763, 767 (8th Cir. 2024).

Since Auto-Owners has proven that the electronic data exclusion bars coverage here, it is entitled to summary judgment.

## Conclusion

For the foregoing reasons, Auto-Owners' Motion for Summary Judgment (ECF No. 21) is GRANTED, and Halo's Motion for Summary Judgment (ECF No. 23) is DENIED.

**IT IS SO ORDERED.**

Date: January 10, 2025 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

9

Case 4:23-cv-00493-DGK    Document 32    Filed 01/10/25    Page 9 of 9
Appellate Case: 25-1275    Page: 16    Date Filed: 02/11/2025 Entry ID: 5484798 February 10 2025 p16

AUTO-OWNERS INSURANCE COMPANY, )
)
      Plaintiff, )
)
      v. )    No. 4:23-cv-00493-DGK
)
THE HALO FOUNDATION: HELPING )
ART LIBERATE ORPHANS, )
)
      Defendant. )

## JUDGMENT IN A CIVIL ACTION

\_\_\_\_\_ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

\_X\_\_ **Decision by Court.** This action has been considered and a decision has been rendered by the Court.

**IT IS ORDERED AND ADJUDGED** that Plaintiff's motion for summary judgment (Doc. 21) is GRANTED and Defendant's cross-motion for summary judgment (Doc. 23) is DENIED.

January 10, 2025                        Paige Wymore-Wynn
Dated                                     Clerk of Court

January 21, 2025                        /s/ Tracy Strodtman
Entered                                    (by) Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE Co., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23-cv-000493-DGK |
| | ) | |
| THE HALO FOUNDATION: HELPING ART LIBERATE ORPHANS, | ) ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF APPEAL

Defendant The Halo Foundation: Helping Art Liberate Orphans hereby gives notice of appeal to the United States Court of Appeals for the Eighth Circuit from the final judgment entered on January 10, 2025, which granted summary judgment to Plaintiff Auto-Owners Insurance Co.

WAGSTAFF & CARTMELL LLP

/s/*Tyler W. Hudson*
Tyler W. Hudson, MO Bar #53585
Daryl J. Douglas, MO Bar #39637
Lucy R. (Davis) Malone, MO Bar #73675
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100
thudson@wcllp.com
ddouglas@wcllp.com
lmalone@wcllp.com

***Attorneys for HALO***

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing on February 10, 2025, using the Court's electronic filing system, thereby sending notice of the filing to all counsel of record.

/s/*Tyler Hudson*
Tyler Hudson
***Attorney for Defendant HALO***

## MISSOURI WESTERN DISTRICT - **KANSAS CITY**

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of the case).

| | |
|---|---|
| Case Caption: Auto-Owners Insurance Company v. The Halo Foundation: Helping Art Liberate Orphans | Case No. 23-cv-00493-DGK |
| Appellant: **The Halo Foundation: Helping Art Liberate Orphans** | Appellee: **Auto-Owners Insurance Company** |
| Appellant's Attorney(s):<br><br>**Daryl J. Douglas**<br>Email: ddouglas@wcllp.com<br><br>**Lucy Rose Malone**<br>Email: ldavis@wcllp.com<br><br>**Tyler Hudson**<br>Email: thudson@wcllp.com | Appellee's Attorney(s):<br><br>**Russell F. Watters**<br>Email: rwatters@wwbhlaw.com<br><br>**Christine Lesicko**<br>Email: clesicko@wwbhlaw.com<br><br>**Joseph Paul Krispin**<br>Email: jkrispin@wwbhlaw.com |
| Court Reporter(s):<br><br>None | Please return files and documents to:<br>**United States District Court**<br>**400 East 9th Street, Room 1510**<br>**Kansas City, MO   64106**<br><br>Contact Person for Appeal:<br>Jason_Terry@mow.uscourts.gov |

| Length of Trial:<br>N/A | Fee:<br>Paid | IFP:<br>No | Pending IFP Motion:<br>No |
|---|---|---|---|
| Counsel:<br>Retained | Pending Motions?<br>No | Local Interest?<br>No | Simultaneous Release?<br>No |

**Special Comments:**